07-07-00436-CR

ROBERT BACK #1465630
POWLEDGE UNIT
1400 FM 3452
PALESTINE TX. 75803



FILED
JUL 27 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

NOTICE OF ADDRESS CHANGE

THE ABOVE ADDRESS IS MY NEW ADDRESS.

DEAR CLERK OF THE COURT,

PLEASE ADVISE ME OF THE FILE DATE UPON FILING.

THANKYOU

SINCERELY
ROBERT BACK #1465630



FILED
JUL 27 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

IN THE SEVENTH JUDICIAL DISTRICT COURT
OF APPEALS FOR AMARILLO


CAUSE NO. 07-07-00436-CR


IN RE ROBERT BACK,
MOVANT.


IN THE SEVENTH JUDICIAL DISTRICT COURT
OF APPEALS FOR AMARILLO

IN RE ROBERT BACK,  §
       §  APPELLATE COURT NO.
  MOVANT.   §   07-07-00436-CR
       §

MOTION FOR LEAVE TO PRESENT ISSUES
FOR RELIEF FROM THIS COURT'S JUDGMENT

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, ROBERT BACK, PRE SE MOVANT, IN THE ABOVE ENTITLED AND NUMEBERED CAUSE, AND WOULD RESPECTFULLY REQUEST THIS COURT'S PERMISSION TO PRESENT "MOST EGREGIOUS ISSUES OF COURT ERROR AND APPELLATE COUNSEL ERROR THAT WOULD FUNDAMENTALLY UNDERMINE THE FAIRNESS OF THE PROCEEDINGS AND THE INTEGRITY AND REPUTATION OF THE COURT, THAT WOULD RENDER THE COURT'S JUDGMENT NULL AND VOID, AS A 'MATTER OF LAW AND IN EQUITY,' AND IF LEFT UNCORRECTED WOULD RESULT IN A 'MANIFEST MISCARRIAGE OF JUSTICE.'"

**WHEREFORE**, MOVANT PRAYS THIS COURT GRANT HIM PERMISSION TO PRESENT HIS ISSUES, SOLELY IN THE INTEREST THAT JUSTICE BE PROPER-LY SERVED.

RESPECTFULLY SUBMITTED
ROBERT BACK #1465630
POWLEDGE UNIT/TDCJ
1400 FM 3452
PALESTINE TX. 75803

1


FILED
JUL 27 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

IN THE SEVENTH JUDICIAL DISTRICT COURT

OF APPEALS FOR AMARILLO

|  |  |  |
|---|---|---|
| | § | |
| IN RE ROBERT BACK, | § | APPELLATE COURT NO. |
| MOVANT. | § | 07-07-00436-CR |
| | § | |

MOTION FOR LEAVE TO PRESENT ISSUES
FOR RELIEF FROM THIS COURT'S JUDGMENT
WITH MEMORANDUM IN SUPPORT

**MEMORANDUM OF LAW**

I.
JURISDICTION

IN DETERMINING WHETHER THIS COURT CAN INVOKE JURISDICTION TO HEAR AND CONSIDER THE FOLLOWING SUBJECT-MATTER PRESENTED, THE COURT SHOULD BE PERSUADED BY THE SCHOLARLY AND COGENT OPINION OF THE FOLLOWING COURT'S:

THIS COURT HAS INHERENT JURISDICTIONAL POWER AND DUTY TO VA-CATE ITS OWN VOID JUDGMENT, WHEN A MANIFEST INJUSTICE CAN BE SHOWN TO HAVE RESULTED. SEE METROPOLITAIN TRANSIT AUTHORITY v. JACKSON, 212 S.W.3d 797 (TEX. APP. -HOUSTON [1 DIST.] 2006)... AND A VOID JUDGMENT CAN BE ATTACKED AT ANY PLACE AND AT ANY TIME DIRECTLY OR COLLATERALLY. SEE RAMSEY v. RAMSEY, 19 S.W.3d 548 (TEX. APP. -AUSTIN 2000). A JUDGMENT IS VOID FOR "ILLEGAL-ITY." EX PARTE SEIDEL, 39 S.W.3d 221,225 (TEX. CRIM. APP. 2001). (QUOTING EXPARTE SPAULDING, 687 S.W.2d AT 745, "A VOID JUDGMENT IS A NULLITY FROM THE BEGINNING, INTENDED BY NONE OF THE CONSE-QUENCES OF A VALID JUDGMENT, BECAUSE IT DOES NOT **IMPAIR, EFFECT**

2

OR CREAT LEGAL RIGHTS.")

THE FIFTH CIRCUIT COURT OF APPEALS FOR TEXAS HAS HELD THAT, "DISTRICT COURT'S CANNOT ABUSE THEIR DISCRETIONS BY NOT GRANTING A MOTION FOR REKIEF FROM A JUDGMENT, WHICH IS CLEARLY AT VARIANCE WITH FEDERAL STATUTE." SEE MEADOWS v. GOHEN, 409 F.2d AT 753 (5th Cir. 1969); AMES v. MILLER, 184 F.SUPP.2d 566,578 (N.D. TEX. 2002). THE LAW OF THE CASE DOCTRINE DOES NOT PREVENT THIS COURT FROM GRANTING RELIEF. THE FACT THAT THE JUDGMENT SOUGHT TO BE SET ASIDE HAD BEEN AFFORMED ON DIRECT APPEAL DOES NOT IMPAIR THE COURT'S ABILITY TO GRANT RELIEF. STANDARD OIL CO. v. UNITED STATES, 429 U.S. 17,97 S.Ct. 31,50 L.Ed.2d 21 (1976).

THIS COURT IS A COURT OF EOUITY AND LAW, AND COURT'S OF EOUITY (WHICH COMPELS FAIR DEALINGS) MAY SET ASIDE JUDGMENTS PROCURED THROUGH "FRAUD ON THE COURT," WHERE THERE IS NO REMEDY AT LAW. SEE METCALF v. WILLIAMS, 104 S.Ct. 93,26 L.Ed. 665 (1881).

THE MOVANT WOULD RESPECTFULLY PLEAD THAT, "JUSTICE MUST BE ACCOMPLISHED HERE IN HIS CASE, UNDER THE PRESUMPTION OF THIS COURT'S "PUBLIC SERVICE DUTY AND OATH," IN MAINTAINING THE INTEGRITY OF THE LAWS AND THE CONSTITUTION. SEE CANON 3228 (ii), " PRESUMPTION OF PUBLIC SERVICE DUTY, OATH AND IMMUNITY " THE RULE 60 (b)(6) OF THE FED.R.CIV.P., IS A GRAND RESEVOIR OF "EOUITABLE POWER." HERRELL v. DCS EOUIP. LEASING CORP., 951 F.2d 1435,1438 (5th Cir. 1992)(AFFORDING THE COURT THE POWER TO VACATE JUDGMENTS , WHENEVER SUCH IS NECESSARY TO ACCOMPLISH JUSTICE. GONZALEZ, 545 U.S. AT 542,125 S.Ct. 2641(2005).

## II.
## STATEMENT OF CASE

THIS IS A CASE WHERE THE MOVANT SOUGHT AN APPEAL FROM A CONVICTION IN THIS APPELLATE COURT, OUT OF THE 320th JUDICIAL DISTRICT COURT OF POTTER COUNTY, TEXAS, IN CASE NO. 54,960-D, THE STATE OF TEXAS v. ROBERT JAMES BACK. AN APPELLANT'S BRIEF WAS FILED WITH THIS COURT BY AN APPOINTED COUNSEL "ARNOLD MILLER", MARCH 4,2008, IN WHICH WAS AFFIRMED JUNE 16,2008. IN THE BRIEF, "TWO"(2) ISSUES WERE PRESENTED:

1) SUFFICIENCY OF EVIDENCE, AND

2) INEFFECTIVE ASSISTANCE OF COUNSEL.

THE MOVANT BRINGS THIS MOTION BEFORE THIS COURT WITH THE CONCESSION THAT THE INTEGRITY OF THE PROCEEDINGS AND THE INTEGRITY OF THE JUDGMENTS MERITS WAS NOT REACHED IN THE MANNER PROSCRIBED BY LAW.; FROM HIS APPELLATE COUNSEL'S FILING OF A ,"FRIVOLOUS OR OTHERWISE FRAUDULENT APPELLANT'S BRIEF", IN REFER-ENCE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL ISSUE THAT WAS RAISED BY HIS APPELLATE ATTORNEY.

## III.
## STATEMENT OF FACTS

THE MEMORANDUM (MEMO) OPINION OF THE COURT OF APPEALS DELIVERED JUNE 16,2008, IDENTIFIES AT [ISSUE 2-INEFFECTIVE ASSISTANCE OF COUNSEL], THAT, "APPELLATE CONTENDES THAT HIS COUNSEL WAS INEFFECTIVE WHEN FAILING TO OBJECT TO THE **"ADMISSIONS INTO EVIDENCE"**, OF SEVERAL PRIOR CONVICTIONS." [Id. AT p.2, PARA 1]. THE MEMO OPINION, THEN IDENTIFIES THAT THE APPELLATE COURT "TURNED TO THE TRIAL RECORD BEFORE THEM." [Id. AT p.2, PARA. 2]. THE RECORD SHOWS THAT THE COURT THEN WENT THROUGH A THEORY <Id AT MEMO AT pp.2-3> OF

4

ADDRESSING THE ISSUE... i.e. AS IF THE PRIOR CONVICTIONS WERE SHOWN IN THE TRIAL RECORD "TO HAVE BEEN IDENTIFIED AS HAVING BEEN ADMITTED INTO EVIDENCE, DURING THE GUILT/INNOCENCE PHASE OF THE PROCEEEDINGS..'' (i.e. AS A COURT OF COMPETENTS, "ALLEGEDLY REVIEWING THE TRIAL RECORDS").

HOWEVER, THE FACE OF THE TRIAL RECORD INCONTROVERTIVBLY IDENTIFIES THAT, "NOT ONE SINGLE PRIOR CONVICTION OF THE MOVANT'S WAS EITHER OFFERED AS EVIDENCE OR ADMITTED INTO EVIDENCE." (EMPHASIS ADDED)... SO MUCH SO, THAT THE TRIAL COURT TOOK TIME TO SPEAK ON THE MATTER, ON THE FACE OF THE TRIAL RECORD ON ITS MERITS. [SEE VOLUME 3]; THE COURT STATING:

THE COURT: ANYBODY THINK THAT FIVE MINUTES IS NOT ENOUGH TIME FOR PUNISHMENT?

MR. YONTZ:(PROSECUTOR) NO. THE ONLY THING WE'RE GOING TO HAVE, YOUR HONOR IS, I'M GOING TO TENDER THE COPIES OF THE JUDGMENTS AND THAT'S IT.

THE COURT: OKAY. YOU DID NOT ENTER--YOU DID NOT REQUEST ADMISSION OF THOSE AT THE TIME OF CROSS-EXAMINATION?

MR. YONTZ: I'M SORRY?

THE COURT: WHEN YOU WENT OVER THEM EARLIER, YOU DID NOT OFFER THEM?

MR. YONTZ: NO ID DIDN'T REQUEST ADMISSION [Id AT p. 131,RR]; ;SEE ALSO RR, AT p. 5; REVEALS, "NOT ONE PRIOR CONVICTION (JUDGMENT) OF THE MOVANT'S WAS OFFERED OR ADMITTED."

IV.
ARGUMENTS AND CONCLUSIONS OF LAW

IN A DEMOCRATIC SOCIETY, TWO PROPOSITIONS ARE CLEAR. TRUTH IS PROVINCE OF THE JUDICIARY, AND COURT'S STAFFED WITH FALLIBLE HUMANS INEVITABLY ERR.

5

AS A CONSEQUENCE, SOME MEANS MUST EXIST TO CORRECT SUCH. SEE EXPARTE ELIZONDO, 947 S.W.2d 202 (TEX. CRIM. APP. 1996). IN A CIVILIZED SOCIETY, GOVERNMENT MUST ALWAYS BE ACCOUNTABLE TO THE JUDICIARY FOR A MAN'S IMPRISONMENT: IF THAT IMPRISONMENT CANNOT BE SHOWN TO CONFORM WITH THE RULES AND REQUIREMENTS OF THE LAW AND CONSTITUTION. SEE EX PARTE TULEY, 109 S.W.3d 388 (TEX. CRIM. APP. 2002); EX PARTE GRAVES, 70 S.W.3d 103,109 (TEX. CRIM. APP. 2002).

A DEFENDANT HAS A GUARANTEED, FUNDAMENTAL RIGHT UNDER THE SIXTH AMENDMENT AND FOURTEENTH AMENDMENT, AS WELL-ESTABLISHED RULES OF LAW, TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL, EVEN THOUGH THAT CANNOT BE DEEMED IN ANYWAY AS PART OF THE TRIAL. SEE HALBERT v. MICHIGAN, 545 U.S. 605 (2005); EVITTS v. LUCEY, 469 U.S. 387 (1985)(CITED IN LAFLER v. COOPER, 566 U.S. _____(2012). AS SUCH, THE MOVANT WOULD RESPECTFULLY SUGGEST TO THIS COURT, "HE IS NOT ATTACKING THE CONVICTION AT THIS POINT, HE SIMPLY ATTACKS THE APPELLATE COURT'S JUDGMENTS INTEGRITY, AS NOT REACHING THE MERITS DUE TO THE MOVANT'S COUNSEL AT APPEAL BEING INEFFECTIVE OR RATHER HAVING NO COUNSEL AT ALL, IN ACCORDANCE WITH THE CONTROLLING AUTHORITY OF THE TEXAS CIRCUIT COURT, LIKEWISE , WITH THE APPEALATE COURT'S , "INCOMPETENCE OR IGNORANCE IN FACT," WHEN FRAUDULENTLY INDUCED BY MOVANT'S ATTORNEY, INTO RULING ON THE ISSUE, "WHEN THE COURT HAD THE TRIAL RECORD BEFORE THEM, AND NOT ONE, BUT RATHER THREE JUSTICES COMPLETE- LY OVERLOOKED THE FACT THAT, "NOT ONE OF THE MOVANT'S PRIOR CONVICTIONS WERE ADMITTED INTO EVIDENCE."

THE INCONTROVERTIBLENESS OF THE PRIMA FACIE EVIDENCE BEING CLEAR AS IT IS UPON THE FACE OF THE RECORD, THAT, "NONE OF THE PRIOR CONVICTIONS HAD BEEN ADMITTED," WOULD STAND FOR A PRINCIPLE AND FACT THAT THE MOVANT'S APPEL- LATE ATTORNEY, DID AS A MATTER OF FACT AND A MATTER OF LAW, "FILE A FRIVOLOUS AND/OR FRAUDULENT APPELLANT'S BRIEF," WHICH INDUCED A FRAUDULENT RULING

6

FROM THIS COURT. ("A MANIFEST INJUSTICE, AND FRAUD ON THE COURT, THAT THIS COURT IS BOUND IN ITS DUTY OF MAINTAINING JUSTICE, TO CORRECT").. BECAUSE HAD THEY KNOWN OF THE FACT, THE MOVANT REMAINS CONFIDENT THEY WOULD NOT HAVE RENDERED A JUDGMENT BASED ON THE FRAUDULENT REPRESENTATIONS OF FACT, NOT FOUND AT ANYPLACE WITHIN THE TRIAL RECORD AS ALLEGED. THE MOVANT WOULD MERELY SUGGEST THAT THIS COURT, IN ITS PUBLIC SERVICE DUTY AND OATH OF MAINTAINING THE LAWS AND THE CONSTITUTION <SEE CANON 3228 (ii) "PRESUMPTION OF PUBLIC SERVICE DUTY AND OATH">, HAS THE POWER AND DUTY TO RECALL THEIR JUDGMENT AND CORRCT THE EGREGIOUS ERROR BROUGHT TO THEIR ATTENTION AND CONSERN IN MAINTAINING THE CONSTITUTION IN VIOLATE, AND TO PREVENT ANY FURTHER ON GOING MANIFEST, "MISCARRIAGE OF JUSTICES" FROM RESULTING. AND LIKEWISE TO SAVE THE INTEGRITY OF THE COURT.

THE FIFTH CIRCUIT CASE OF **LOMBARD,** "WOULD SET PRECEDENTS IN TEXAS, AND HIS CASE HERE, WHEN THE APPELLATE COUNSEL FILES A FRIVOLOUS APPELLANT'S BRIEF, IT CONSTITUTES **'NO COUNSEL AT ALL'**, WHICH ACTUALLY OR CONSTRUCTIVELY DENIED THE DEFENDANT THE RIGHT TO COUNSEL AT APPEAL, AND THE PREJUDICE PRONG OF THE **STRICKLAND TEST** IS NOT REQUIRED." SEE LOMABARD v. LYNAUGH, 868 F.2d 1475 (5th Cir. 1989).

THIS COURT SHOULD REASONABLY CONSTRUE AND HOLD THIS CASE AS A , "CLASSIC CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL COMPUNDED BY INEFFECTIVE ASSISTANCE OF COUNSEL." BECAUSE HAD HIS TRIAL COUNSEL MERELY PRESERVED THE PREJUDICE OF THE STATES PROSECUTOR'S DIRECTLY REFERRING TO OR ELLUDING TO EVIDENCE DURING SUMMATION, NOT IN RECORD, BASICALLY CALLING THE MOVANT A LIER BASED ON EVIDENCE OUTSIDE THE RECORD, OF PRIOR CONVICTIONS, PRESERVING SUCH FOR AP-PEAL, BY MOVING THE COURT FOR A MISTRIAL, IN WHICH THE COURT IN ITS DUTY WOULD HAVE OBLIGED OR BEEN IN ERROR HIMSELF, THE RESULTS OF THE PROCEEDINGS

7

WOULD HAVE HAD A DIFFERENT OUTCOME ...HOWEVER, BECAUSE HIS COUNSEL DID NOT REQUEST A SPECIAL INSTRUCTION FROM THE COURT, "TO ORDER THE JURORS THAT THEY COULD NOT CONSIDER THE PRIOR CONVICTIONS FOR ANY PURPOSES, TO INCLUDE THE CREDIBILITY OF THE DEFENDANT, AND MOVING FOR A MISTRIAL TO PRESERVE THE ERROR ON THE RECORD, CAUSED THE MOVANT TO LOSE OR FORFEIT VALUABLE PROTECTIONS (RIGHTS) HE WOULD HAVE OTHERWISE RECEIVED THE BENEFIT OF, BUT FOR HIS COUNSEL'S INEFFECTIVE ASSISTANCE," IN WHICH HAS NO RATIONAL OR REASONABLE TRIAL STRATEGY WHATSOEVER. DUE TO THE FACT THAT ANY COMPETENT ATTORNEY WHO WAS OBJECTIVELY, ADVERSARIALLY TESTING THE STATES CASE IN CRIMINAL LAW, WOULD KNOW THAT A JURY WOULD FINED THE CREDIBILITY OF THE MOVANT WORTHLESS BASED ON BEING EXPOSED TO FIVE PRIOR CONVICTIONS, AND WOULD AUTOMATICALLY FIND HIM GUILTY BASED ON THOSE FACTS.

THE MOVANT WOULD THEREFORE APPLY THE PERFORMANCE PRONG OF THE **STRICHLAND TEST** , TO BOTH OF HIS COUNSEL'S REPRESENTATIONS FALLING WELL BELOW A COMPETENT OR REASONABLY ACCEPTABLE STANDARD, GUARANTEED THROUGH THE SIXTH AND FOURTEENTH AMENDM,ENTS TO THE UNITED STATES CONSTITUTION. i.e. IN THEIR MERE FAILURES TO PERFORM EVEN BASIC RESEARCH THAT WOULD HAVE EXPOSED THE DEAD-BANG WINNING ISSUES (i.e. LEGITIMATE ISSUES THAT WOULD HAVE GUARANTEED A REVERSAL, AS A MATTER OF LAW) THAT WOULD HAVE RESULTED IN AN AUTOMATIC MISTRIAL AND REVERSAL HAD HIS COUNSEL'S BROUGHT SUCH PREJUDICIAL ISSUE TO THE COURT'S ATTENTION. (APPELLATE AND TRIAL, BASED ON THE CONTOLLING AUTHORITY WHICH PROHIBITS SUCH PREJUDICE. CERTAINLY RESULTING IN A DIFFERENT OUTCOME OF THE PROCEEDINGS. SEE STRICKLAND 466 U.S. AT 687-688 (1984).

THE STANDARD OF REVIEW TO DETERMINE WHETHER A DEFENDANT WAS CONSTRUCTIVELY DENIED HIS RIGHT TO COUNSEL, IS A MIXED QUESTION OF FACT AND LAW, REVIEWED **DE NOVO REVIEW.** SEE CHILDRESS v. JOHNSON, 103 F.3d 1221 (5th Cir. 1997). A CRIMINAL DEFENDANT IS GUARANTEED THROUGH THE DUE PROCESS CLAUSE, TO A TRIAL

8

FREE FROM FUNDAMENTAL UNFAIRNESS, ENEN UNFAIRNESS WHICH STEMS FROM BLATANTLY INCOMPETENT COUNSEL. CLARK v. BLACKBURN, 619 F.2d 431 (5th Cir. 1980); HEALY v. CABANA, 764 F.2d 1173 (5th Cir. 1985).

BOTH COUNSEL'S PERFORMANCES IN FAILING TO DO THE BASIC RESEARCH AND KNOW THE LAWS THAT HE IS EXPECTED TO KNOW TO DICLOSE AND PRESENT TO THE COURT'S THE FOLLOWING PREJUDICE CAUSED FROM THE PRIOR CONVICTIONS NOT BEING ADMITTED INTO EVIDENCE, AS LEGITIMATE NON-FRIVOLOUS ISSUE THAT WOULD HAVE PRODUCED DIFFERENT RESULTS IN THE OUTCOME OF THE JUDGMENTS, CALL'S HIS COUNSEL'S PERFORMANCES INTO SERIOUS QUESTION. NELSON v. HARGETT, 989 F.2d 847 (5th Cir. 1993)

HAD HIS COUNSEL'S INVESTIGATED AND APPLIED THE FOLLOWING LAW TO THE FACTS, CERTAINLY THIS COURT WOULD HAVE NO DIFFICULTY IN CONCLUDING THAT THE OUTCOME OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT. HAD THEY INVESTIGATED, THEY WOULD HAVE DISCOVERED THE FACT THAT THE PRIOR CONVICTIONS HAD NOT BEEN OFFERED AS EVIDENCE OR ADMITTED FOR ANY PURPOSES, EVEN TO DETERMINE THE CREDIBILITY OF THE DEFENDANT, CAUSING A SUBSTANTIAL PREJUDICE TO THE MOVANT WHEN HIS COUNSEL ALLOWED THE STATE TO USE EVIDENCE IN HIS SUMMATION THA WAS **NOT** PART OF THE RECORD , AND THAT NOTHING COULD CURE ONCE THE JUROR'S WERE EXPOSED TO THE FACTS. HAD HIS COUNSEL AT TRIAL MERELY REQUESTED A SPECIAL INSTRUCTION TO THE JURY THAT IT MUST DISREGARD THE PRIOR CONVICTIONS FOR ANY PURPOSES IN THE STATES ATTACKING OF THE MOVANT'S CREDIBILITY OR OTHERWISE, MAY HAVE REASONABLY LED THE JURY TO BELIEVE THE MOVANT'S VERSION OF WHAT TRANSPIRED AND VOTED TO ACQUIT HIM. HOWEVER, BEING THE JURY WAS EXPOSED TO SUCH HARMFUL EVIDENCE DURING SUMMATION OF THE STATES, WOULD BE MOST EGREGIOUSLY PREJUDICIAL , AND CAUSE THE JURY TO VATE TO FIND GUILT, AT SUCH PIVITOL MOMENTS OF THE PROCEEDINGS, MUST NOT BE DEEMED AS A REASONABLE TRIAL STRATEGY.

A. STATES SUMMATION OF EVIDENCE [REFERRING TO PRIOR CONVICTIONS] NOT IN RECORD:

9

(PROSECUTOR'S CLOSING): "BUT LOOK AT IT FURTHER LADIES AND GENTLEMEN. LOOK WHO HAS THE MOST TO LOSE IN THIS CASE AND CONSIDER IN LIGHT OF THEIR TESTIMONY BEFORE YOU, AND THAT'S THE DEFENDANT. CONSIDER EVERYTHING HE SAID AND HIS CREDIBILITY IN 'LIGHT OF HIS FIVE PRIOR CONVICTIONS', AND YOU'LL FIND OUT HOW HE MADE UP THIS STORY AND WHY HE MADE UP THIS STORY." [Id. AT VOL. 3, p. 110, AT 20-25,RR].

THE FIFTH CIRCUIT COURT OF APPEALS FOR TEXAS, IN THE **NERO CASE,** MUST SET A PRECEDENTS HERE, AS BEING IDENTICAL IN FACTS, TO THE MOVANTS CASE. THE COURT CONCLUDED: "IT CAN HARDLY BE IMAGINED ANYTHING MORE PREJUDICIAL TO THE DEFEND- ANT THAN ALLOWING THE JURY IN AN ARMED ROBBERY CASE (MOVANT BACK'S CASE IS A ROBBERY) TO HEAR THE PROSECUTOR'S COMMENTS DURING CLOSING (SUMMATION OF THE EVIDENCE, THAT WAS NOT ADMITTED INTO THE RECORD. i.e. THE PRIOR CONVICTI- ONS), THAT THE DEFENDANT HAD BEEN CONVICTED FOR BURGLARY AND DRUG CHARGES. (i.e. AS WAS MOVANT "BACK" CONVICTED OF BURGLARY AND DRUG CHARGES). THE JURY MAY WELL HAVE CONVICTED THE DEFENDANT OF THE CHARGED OFFENSE BECAUSE OF HIS PRIOR CONVICTIONS." SEE NERO v. BLACKBURN, 597 F.2d AT 994 (5th Cir. 1979).

HERE IN THE MOVANT'S CASE, HIS COUNSEL'S (APPELLATE AND TRIAL) PERFORMANCES WERE MOR THAN INCORRECT, THEY WERE UNREASONABLE BECAUSE THE GOVERNMENT'S FOUL BLOW TACTICS WERE UNFAIR AND PREJUDICIAL TO THE MOVANT. ... YET, COUNSEL' S SAT SILENT AT THE MOST PIVITOL MOMENTS, AND SUCH PREJUDICE IS NOT SOUND STRIAL STRATEGY OR COMPETENT. THE MOVANT MAY AS WELL OF HAD NO COUNSEL AT ALL. BECAUSE HIS COUNSEL'S LIKE NEROS' COUNSEL ALLOWED THE STATE TO INTRODUCE EVIDENCE OF PRIOR CONVICTIONS DURING SUMMATION OF THE EVIDENCE THAT WAS NOT IN THE REOCRD, NOT ADMITTED BY ANY COURT... THIS ERROR BY HIS COUNSEL'S IS CRUCIAL SINCE EVIDENCE OF PRIOR CONVICTIONS, EVEN WHEN USED FOR CEDIBILITY PURPOSES, IS SO HIGHLY PREJUDICIAL, IT RENDERS THE WHOLE TRIAL FUNDAMENTALLY

10

UNFAIR. NERO, AT 994.

AS SUCH, MOVANT'S COUNSEL'S MISAPPREHENSIONS OF FACT AND LAW IN THIS CASE, IS A CLASSIC EXAMPLE OF DEFICIENCY OF COUNSEL'S. SEE SMITH v. DRETKE, 417 F.3d AT 442 (5th Cir. 2005)(CITING WILLIAMS v. TAYLOR, 529 U.S. 362,120 S.Ct. 1495 (2000)). THIS MISUNDERSTANDING COULD HAVE BEEN PREVENTED OR CORRECTED WITH MNIMAL RESEARCH OF FACT AND LAW. IT CAN HARDLY BE DOUBTED THAT THE TRIAL AND APPELLATE COUNSEL'S HAVE A CONSTITUTIONAL OBLIGATION (DUTY) TO INVESTIGATE AND UNDERSTAND THE LAW SURROUNDING THE CASE. WILLIAMS , 529 U.S. 395,120 S.Ct. 1495).

CONVERSELY, "STRUCTURAL ERRORS" HAVE RESULTED IN THE TRIAL PROCEEDINGS AND THE APPELLATE PROCEEDINGS, THAT FUNDAMENTALLY UNDERMINED THE INTEGRITY, RELIABILITY AND FAIRNESS OF THE PROCEEEDINGS- AND AS A MATTER OF WELL ESTABLISHED PRINCIPLES OF LAW, REQUIRE AND AUTOMATIC REVERSAL AND REMAND BACK TO THE APPELLATE COURT AND ARE NOT SUBJECT TO THE HARMLESS ERROR ANALYSIS. SEE ARIZONA v. FULMINANTE, 499 U.S. 279.308-10 (1991); SATTERWHITE v. TEXAS, 486 U.S. 249,256-57 (1988).

BECAUSE THE RAISING OF THE LEGITIMATE ISSUE HERE IN THE APPELLATE COURT WOULD ONLY HELP THE MOVANT, ANY ATTORNEY WITH AN ORDINARY COMPETENCE IN CRIMINAL LAW WOULD KNOW AND RAISE SUCH A SUBSTANTALLY HARMFUL ISSUE IN THIS SITUATION, HOWEVER, THE FAILURE OF HIS COUNSEL'S TO EVEN PRESERVE AND RAISE THE ISSUE IS PREJUDICIAL WITHIN ITSELF, AMOUNTING TO "NO COUNSEL AT ALL ," BECAUSE HIS APPELLATE COUNSEL FAILED TO RAISE THIS LEGITIMATE ISSUE, BUT RATHER RAISED FRIVOLOUS AND FRAUDULENT ISSUES.

CONCLUSION

WITH THE FACTS AND THE EVIDENCE BEING SECURED ON THE FACE OF THE RECORD

11

AS DISCLOSED HEREIN HIS MOTION, ALONG WITH THE CONTROLLING PRECEDENTED AUTHORITY, BEING CONSIDERABLY IN FAVOR OF THE MOVANT'S PLEADINGS, THIS COURT SHOULD GRANT HIS MOTION AND VACATE JUDGMENT OF THE APPELLATE COURT AND RETURN HIM TO THIS COURT FOR AN OUT OF TIME APPEAL SO HE MAY RAISE HIS LEGITIMATE ISSUES, THAT WOULD ULTIMATELY ENTITLE HIM TO RELIEF. AND TO PREVENT A FUNDAMENTAL "MISCARRIAGE OF JUSTICE" FROM RESULTING.

RELIEF SOUGHT

1) ACCEPT JURSDICTION OVER THIS CAUSE;

2) HOLD SUCH EVIDENTIARY HEARINGS AS THIS COURT DEEMS APPROPRIATE AND NECESSARY;

3) ISSUE ORDER THAT THIS COURT WILL GRANT THIS MOTION AND VACATE ITS JUDGMENT AND ISSUE ORDER FOR AN OUT OF TIME APPEAL, BECAUSE OF THE DEFENDANT HAVING NO COUNSEL ON APPEAL; AND

4) ISSUE ORDER THAT THE STATE IS TO HOLD A NEW TRIAL OR OFFER HIM THE ORIGINAL PLEA OFFER OF THE 8 YEARS WITH TIME SERVED, BEING HE HAS OVER THAT AMOUNT OF FLAT TIME ACCRUED AS OF JANUARY OF 2007-JANUARY OF 2015., OR

5) WHATEVER ELSE THAT LAW AND EQUITY ENTITLE HIM TOO.

**WHEREFORE,** THE MOVANT PRAYS THIS COURT GRANT HIS MOTION AND ALL RELIEF SOUGHT.

RESPECTFULLY SUBMITTED
ROBERT BACK #1465630
POWLEDGE UNIT/TDCJ
1400 FM 3452
PALESTINE TX. 75803

## DECLARATION

I, ROBERT BACK #1465630, DO HEREBY DECLARE THAT THE FOREGFOING INFORMA-TION IS TRUE AND CORRECT UNDER PELALTY OF PERJURY. 29 U.S.C. §1746

JULY 20 ,2015

_____
DECLARANT

ROBERT BACK #1465630

## DECLARATION OF SERVICE

I, HEREBY DECLARE THAT A TRUE AND CORRECT COPY OF THE FOREGOING INFORMATION HAS BEEN SENT TO ON:

SEVENTH COURT OF APPEALS
FOR AMARILLO
P.O. BOX 9540
AMARILLO TX 79105-9540

JULY 20 ,2015

_____
DECLARANT
ROBERT BACK #1465630

CC FILE

13

ROBERT BACK #1465630
POWLEDGE UNIT
1400 FM 3452
PALESTINE TX. 75803



THE COURT OF APPEALS
FOR THE SEVENTH JUDICIAL DISTRICT
P.O. BOX 9540
AMARILLO TX. 79105-9540